# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CURTIS WARD,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**WEXFORD HEALTH SERVICES,** *et al.*, )<br>)<br>**Defendants.** ) | **CIVIL NO. 06-189-WDS** |

## **MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

On August 1, 2007, the Court dismissed this action, finding that on the face of the complaint, Plaintiff clearly acknowledged that he had not exhausted his administrative remedies prior to bringing this lawsuit. Now before the Court is Plaintiff's motion for reinstatement of complaint (Doc. 14), which the Court construes as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that

the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff argues that he did, in fact, exhaust his remedies prior to bringing this action. The Court disagrees.

The Illinois Administrative Code sets forth the grievance procedures to be followed by committed persons. *See* 20 Ill. Adm.Code § 504.800 *et seq*. An inmate first must take his complaint to a correctional counselor for informal resolution.[1] If this does not resolve the problem, he is to file a written grievance on an institutional form within sixty days of the incident or occurrence complained of, and that grievance should be addressed to the Grievance Officer. Each institution has one or more designated Grievance Officers who review such grievances. The Grievance Officer reports his or her findings and recommendations to the Chief Administrative Officer, *i.e.*, the warden, and the warden is to advise the inmate of his or her decision within two months after receipt of the grievance, "where reasonably feasible under the circumstances."

The inmate may appeal the warden's disposition of the grievance in writing to the Director of the Department of Corrections within 30 days of the warden's decision. The Director reviews the grievance and the responses of the Grievance Officer and warden, and determines whether the grievance requires a hearing before the Administrative Review Board ("ARB"). If it is determined that the grievance is without merit or can be resolved without a hearing, the inmate is to be advised of this disposition in writing. Otherwise, the grievance is referred to the ARB, which may hold hearings and examine witnesses. The ARB submit a written report of its findings and recommendations to the Director, and the Director then makes a final determination within six

---

[1] If deemed an emergency presenting "a substantial risk of imminent personal injury or other serious or irreparable harm to the offender," an inmate may send his grievance directly to the warden. 20 Ill. Adm.Code § 504.840.

months after receipt of the appealed grievance, "where reasonably feasible under the circumstances." 20 Ill.Adm.Code §§ 504.810-850.

In his instant motion, Plaintiff states that he filed his grievance on February 2, 2006. The Grievance Officer had at least until February 17 to report findings and recommendations to the warden; the warden then had at least two months, until April 17, to advise Plaintiff of his decision. Plaintiff did not wait for that decision, let alone pursue the appeals process. Instead, he filed this action on March 2, 2006, exactly one month after he first filed his grievance. Thus, it is abundantly clear that Plaintiff did not exhaust his administrative remedies *prior to filing suit*.

Accordingly, the motion for reinstatement is **DENIED**. It follows that Plaintiff's motion challenging the denial of appointment of counsel (Doc. 15) is also **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 8, 2008.**

                **s/ WILLIAM D. STIEHL**
                **DISTRICT JUDGE**